**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4070
_____

SAMUEL THOMAS PHIFER,
                    Appellant

v.

SEVENSON ENVIRONMENTAL SERVICES, INC.;
DELAWARE SOLID WASTE AUTHORITY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-11-cv-00169)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: July 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This case involves allegations brought by Samuel Phifer against his former employer, Sevenson Environmental Services, Inc. ("Sevenson"), a hazardous waste clean-up contractor.[1] Sevenson entered into a contract with the Delaware Solid Waste Authority ("DSWA") to construct a large expansion to DWSA's Cherry Island Landfill located in New Castle County, Delaware ("the Cherry Island Landfill project"). On October 23, 2006, Sevenson hired Phifer as a bull-dozer operator assigned to the Cherry Island Landfill project at an hourly rate of $24.69. On April 27, 2007, all Sevenson operators at the Cherry Island Landfill project were given a pay increase to $28.11 hourly. Phifer received that rate of pay until his first seasonal lay-off in October 21, 2007. On March 24, 2008, Sevenson recalled Phifer from the seasonal layoff as a laborer at the Cherry Island Landfill project and paid him an hourly rate of $19.88. Although Phifer was again laid-off on November 20, 2008, he was recalled to the project as a laborer on December 1, 2008, and was again paid at the laborer rate. Shortly thereafter, on December 19, 2008, Sevenson was again laid-off. On March 11, 2009, Sevenson offered Phifer an opportunity to again return to the Cherry Island Landfill project as a laborer, but Phifer declined the offer.

Phifer, who is African-American, believed that Sevenson's decision to re-hire him in March 2008 as a laborer, rather than in his previous position as a bull-dozer operator, was racially motivated. As a result, Phifer filed a charge of discrimination with the

---

[1] Sevenson's work is project-based and seasonal. As a result, employees of the company are often hired, laid-off, and rehired over the course of a particular project.

Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). He later filed another charge with the EEOC claiming that he was laid off in December 2008 in retaliation for his having complained to the EEOC of his demotion to the laborer position. Following his receipt of right-to-sue letters from the DDOL and EEOC, Phifer filed a complaint against Sevenson and DSWA in the District Court. He raised claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1985, and Delaware law.[2]

Both Defendants filed motions to dismiss the complaint. In an order entered on March 14, 2012, the District Court dismissed all claims against DSWA.[3] In that order, the District Court also granted in part Sevenson's motion to dismiss, dismissing Phifer's breach of contract claim as well as his claims under § 1985 and the DDEA. At the close of discovery, Sevenson and Phifer filed cross-motions for summary judgment. In a

---

[2] Phifer appeared to raise claims under the Delaware Wage Payment and Collection Act ("WPCA"), 19 Del. Code Ann. § 1101 et seq., and the Delaware Discrimination in Employment Act ("DDEA"). See 19 Del. Code Ann. § 710 et seq. He also presented a state law breach of contract claim.

[3] With regard to Phifer's claims under Title VII and the WPCA in particular, the District Court determined that DWSA could not be liable to Phifer under those statutes because he failed to set forth facts from which one could conclude that DWSA was either his employer or an agent of his employer. 42 U.S.C. § 2000e(b); see generally Vance v. Ball State Univ., 133 S. Ct. 2434, 2443 (2013) (discussing when an employer may be vicariously liable for an *employee's* actions) (emphasis added); see also 19 Del. Code Ann. § 1107 (prohibiting withholding of wages by *employers*) (emphasis added).

3

September 5, 2014 opinion, the District Court granted judgment in favor of Sevenson on all the remaining claims. Phifer appeals.[4]

We have reviewed the record and will affirm the District Court's judgment. First, the District Court properly dismissed Phifer's § 1985 claim as to both Defendants. To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). We agree that Phifer failed to allege any facts whatsoever indicating that the defendants conspired to deprive him of any protected rights. Moreover, his complaint does not suggest that DWSA was even aware of the employment decisions rendered by Sevenson until well after they occurred.

The District Court also correctly dismissed Phifer's breach of contract claim. Phifer asserted that, as a result of Sevenson's adverse employment decisions, both Sevenson and the DWSA were in violation of the construction contract that they entered into regarding the Cherry Island Landfill project. Phifer appeared to claim that he was a

---

[4] We have jurisdiction under 28 U.S.C. § 1291, and conduct plenary review of orders dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting summary judgment. Atkinson v. Lafayette Coll., 460 F.3d 447, 451 (3d Cir. 2006). We may affirm on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191

third-party beneficiary under that contract. "Ordinarily, a stranger to a contract acquires no rights thereunder." Guardian Constr. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378, 1386 (Del. Super. Ct. 1990). According to Delaware law, "to qualify as a third party beneficiary of a contract, (a) the contracting parties must have intended that the third party beneficiary benefit from the contract, (b) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (c) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract." E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediaries, S.A.S., 269 F.3d 187, 196 (3d Cir. 2001). We agree that Phifer failed to allege facts sufficient to suggest that he was a third-party beneficiary under the contract between the Defendants, or that he otherwise had standing to enforce the terms of the contract. Dismissal was therefore appropriate.

Additionally, for the reasons stated in its dismissal order, the District Court properly dismissed Phifer's Title VII and WPCA claims against DSWA. Phifer also failed to allege any facts suggesting that DSWA violated any of the rights protected by § 1981, which forbids discrimination on the basis of race in the making of public and private contracts. See St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987).[5]

_____

(3d Cir. 2011).

[5] The District Court determined that Phifer's DDEA claims against both Defendants should be dismissed as time-barred. Having reviewed the record, it appears that determination may be incorrect. Nevertheless, Phifer's DDEA claim against DSWA was subject to dismissal because DWSA was not Phifer's employer and the DDEA prohibits unlawful employment practices by *employers*. See 19 Del. Code Ann. § 711 (emphasis

5

With regard to summary judgment, we conclude that, while the factual record below does contain disputes over facts, none of the details in contention is "material" for the purposes of summary judgment because none would affect the outcome of the suit under governing law. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012). At the very least, and assuming without deciding that Phifer established a prima facie case of discrimination, we agree with the District Court that Sevenson pointed to a legitimate, nondiscriminatory reason for declining to re-hire Phifer as an bull-dozer operator—Phifer's poor performance evaluation following his first stint as an operator between October 2006 and October 2007. Phifer thereafter failed to adduce evidence from which a reasonable jury could conclude "that the employer's proffered reasons were merely a pretext for discrimination, and not the real motivation for the unfavorable job action." Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir.

---

added). Phifer's claim against Sevenson fails under the DDEA for the same reasons that his Title VII claims do not survive summary judgment. See 19 Del. C. § 711(a)(1) ("It shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . race."). Given that we affirm on those grounds, we need not resolve the question whether a plaintiff may proceed under both Title VII and the DDEA, a question over which district courts in this Circuit have disagreed. See 19 Del. Code Ann. § 714(c) ("[The plaintiff] shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A [plaintiff] is barred by this election from filing cases in both [the Delaware] Superior Court and the federal forum."). Compare Brangman v. AstraZeneca, LP, 952 F. Supp. 2d 710, 724 (E.D. Pa. 2013) (concluding that section 714(c) does not bar a plaintiff from bringing both Title VII and DDEA claims in federal court), with Daughtry v. Family Dollar Stores, Inc., 634 F. Supp. 2d 475, 483 n.13 (D. Del. 2009) (concluding that section 714(c) precludes a plaintiff from pursing relief under both Title VII and the DDEA).

6

2003) (per curiam). The same test applies to Phifer's retaliation and § 1981 claims, which also fail for the reason that Phifer was unable to adequately rebut Sevenson's articulated reasons for its employment decisions. See Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006); McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 n.3 (3d Cir. 1994).[6]

Finally, we note that on appeal Phifer appears to take issue with the District Court's disposition of various procedural rulings made by the District Court over the course of the litigation. We have reviewed those rulings and perceive no error on the part of the District Court.

Accordingly, we will affirm the District Court's judgment.[7]

---

[6]Although the District Court did not explicitly review Phifer's remaining WPCA claim against Sevenson, having reviewed the record, we agree that Phifer could not prevail on that claim. The statute of limitations for bringing such a claim is one year. See 10 Del. Code Ann. § 8111. Phifer's WPCA claim against Sevenson accrued at the latest on March 11, 2009, when he refused an offer to return to work following his December 2008 layoff. Because Phifer did not file his action in the District Court until February 2011, well after the statute of limitations expired, the claim is time-barred.

[7] Appellant's motion to vacate our January 7, 2015 order granting Sevenson's motion to file a supplemental appendix is denied. Appellant has failed to set forth any valid reasons why Sevenson should not have been permitted to supplement the record on appeal.